Frankford Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 12, 1983, before Judges Rogers, Williams, Jr. and Craig, sitting as a panel of three.

*Joanne E. Kleiner,* with her *John P. Quinn, Steinberg, Greenstein, Gorelick & Price,* for petitioner.

*Jeffrey Gonick,* Counsel, with him *John A. Kane,* Deputy Chief Counsel, for respondent.

Opinion by Judge Craig, October 12, 1983:

Frankford Hospital (Frankford) appeals from an order and adjudication of February 23, 1982, by the Department of Public Welfare's Office of Hearings and Appeals (OHA), which granted DPW's motion to dismiss Frankford's agency appeal from DPW's refusal to reimburse the hospital for non-acute care. OHA granted DPW's motion on the basis of our decision in *Temple University v. Department of Public Welfare,* 47 Pa. Commonwealth Ct. 22, 407 A.2d 92 (1979), *aff'd* 490 Pa. 207, 415 A.2d 413, *appeal dismissed,* 449 U.S. 1005 (1980) *(Temple III).* In *Temple III,* on motion for summary judgment, we dismissed a class action suit brought by Temple University and

the Hospital Association of Pennsylvania (Association) challenging the legality of section 9421.74(q) of the Medical Assistance Manual, which provides that DPW may reimburse hospitals for skilled nursing or intermediate care only when provided in "a certified and approved hospital based skilled nursing or intermediate care unit."[1] Frankford Hospital was and is a member of the Association.

Frankford admits that the seventeen patients, for whose care it seeks reimbursement, no longer require acute care and that the facility does not maintain a unit certified to provide necessary skilled nursing or intermediate care. In its petition for review here, the hospital now contends that our decision in *Temple III* does not have res judicata effect or otherwise control the present claim for Medicaid reimbursement for two reasons.

First, although a member of the Association, Frankford alleges that it was not truly a party to the class action, claiming that it was not given notice or an opportunity to participate in, or opt out of, the Association's suit. Secondly, focusing upon that part of *Temple III* where we discussed the "unwillingness" of hospitals to maintain lesser care facilities, 47 Pa.

---

[1] Section 9421.74(q) provides in pertinent part:

Except as noted below, Medical Assistance payments are not made to hospitals either for specific noncovered services and procedures or for prolonged hospitalization which is not medically justified.

. . . .

Prolonged hospitalization includes extended hospitalization for:

. . . .

(q) Patients who no longer require acute patient care. However, the Department will make payment to the hospital for skilled nursing or intermediate care provided for a patient in a certified bed in a certified and approved hospital based skilled nursing or intermediate care unit.

Commonwealth Ct. at 26, 407 A.2d at 94, Frankford submits (1) that it would now demonstrate not unwillingness but financial inability to meet section 9421.74 (q)'s requirements, and (2) in response to our observation that "there is no real coercion or duress here, for the plaintiffs need not participate in the Medical Assistance Program at all," 47 Pa. Commonwealth Ct. at 26, 407 A.2d at 95, that the medical assistance provider agreement is really a contract of adhesion, the acceptance of which is not a matter of option with the hospital.

We must decide if the record supports the defenses now claimed by Frankford.

We trace the origins of this case to 1976 when, in response to our decision in *Department of Public Welfare v. Temple University*, 21 Pa. Commonwealth Ct. 162, 343 A.2d 701 (1975) *(Temple I)*, DPW, by memorandum dated January 1, 1976, notified hospitals participating in the medical assistance program that it was revising the medical assistance manual to prohibit reimbursement in all cases of failure to transfer a patient to a medically suitable lesser care facility, regardless of the availability of such a facility. *See Temple University v. Department of Public Welfare*, 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977) *(Temple II)*.

In response to DPW's denial of reimbursment, Frankford filed its appeal before OHA between June and July of 1979, after *Temple I* and *Temple II*, but before our decision in *Temple III*. By agreement between counsel for DPW and Frankford, the parties decided to continue the hospital's seventeen appeals, pending final appellate disposition of *Temple III*, which we decided on October 26, 1979 and which our Supreme Court affirmed on June 18, 1980.

After the United States Supreme Court refused to accept an appeal from our Supreme Court's decision,

Frankford notified OHA that it wished to pursue its appeals; DPW filed a motion to dismiss on the grounds of res judicata and laches. Frankford made no response at all to DPW's motion; noting Frankford's nonresponse, OHA issued its adjudication on the motion because Frankford had indicated no basis for a hearing in which to make a record. Frankford nevertheless asks this court for a ruling on its defenses, as detailed above.

We cannot address the merits of these defenses, however, because, as a consequence of the fact that it made no response to DPW's motion, Frankford placed no evidence in the record before the OHA.

Even if we treat DPW's motion to dismiss as if it were a demurrer, Frankford is not aided by the pleading principle that a demurrer assumes the truth of all factual averments because Frankford, before OHA issued its adjudication, expressed no such averments, despite opportunity to do so.

Although a letter from Frankford's attorneys, dated March 9, 1982, *after* the OHA had issued its final adjudication, requested a reconsideration and only then raised the new issues for the first time, that untimely presentation cannot be regarded as raising those issues while the matter was before the agency.

Therefore, Frankford, by its own inaction below, has made it impossible for us to determine if the hospital was truly a party to the *Temple* class action, if the hospital is financially incapable of complying with DPW's regulations, or if the medical assistance provider agreement is really a contract of adhesion.

Parenthetically we note that, in a related case, we recently rejected the financial incapability claim as legally insufficient under *Temple II*. *Easton Hospital v. Department of Public Welfare,* 76 Pa. Commonwealth Ct. 39, 463 A.2d 94 (1983).

Accordingly, we affirm.

## ORDER

Now, October 12, 1983, the order of the Department of Public Welfare, Office of Hearings and Appeals, dated February 23, 1982, is affirmed.