572 A.2d 21

**Donna J. RAMSEY, Petitioner,**

**v.**

**COMMONWEALTH OF Pennsylvania, PENNSYLVANIA MILK MARKETING BOARD, Respondent.**

**Donna J. RAMSEY, individually and on behalf of other area 6 milk consumers, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA MILK MARKETING BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided Feb. 13, 1990.

Reargument Denied April 19, 1990.

76

Thomas J. Finucane, Wingerd and Long, Chambersburg, for petitioner, Donna Ramsey.

Allen C. Warshaw, with him, Shaun R. Eisenhauer and Donald A. Tortorice, Harrisburg, for petitioner, Area 6 Milk Dealers Ass'n.

Thomas M. Crowley, Chief Counsel, with him, William L. Adler, Harrisburg, for respondent.

Donn L. Snyder, Harrisburg, for intervenor, Pennsylvania Food Merchants Ass'n.

Before DOYLE, COLINS and PALLADINO, JJ.

PALLADINO, Judge.

Donna Ramsey (Petitioner) appeals three orders of the Pennsylvania Milk Marketing Board (Board): (a) Board order A–860 which increased dealer and retailer minimum milk prices in the West Central Milk Marketing Area, Area No. 6 (Area 6); (b) a Board order which denied Petitioner's application for reconsideration of Board order A–860 (denial of reconsideration) and (c) a Board order adopting findings of fact and conclusions of law in support of order A–860 (findings order). The appeal of Board order A–860 is docketed at 1212 C.D. 1989 and appeals of the findings order and the denial of reconsideration are docketed at 1468 C.D. 1989. All were consolidated for argument. Also before us is the Board's motion to dismiss Petitioner's appeal of order A–860.

The pertinent procedural sequence of events is as follows. Area 6 Milk Dealers Association, the Pennsylvania Farmers' Association and Pennsylvania State Grange petitioned the Board for a general price hearing for Area 6. The Board conducted hearings for two days to take testimony concerning the costs of processing, selling and distributing milk. The Board held a third hearing for the purpose of taking consumer testimony, but no consumer or consumer's representative attended. Petitioner did not appear at any of the hearings. On June 14, 1989, the Board entered general price order A–860, effective July 1, 1989 which raised dealer and retailer minimum milk prices.

Petitioner appealed the Board order A–860 to this court on June 23, 1989. Petitioner filed an application for reconsideration of Board order A–860 with the Board on June 28, 1989 (application). On June 30, 1989, the Board issued findings of fact and conclusions of law in support of

its order A–860.[1] The Board found that increased cost of processing, delivering and selling milk warranted an increase in minimum milk prices for dealers and retailers.

On July 25, 1989, the Board denied Petitioner's application for reconsideration. On July 27, 1989, the Board filed a motion to dismiss Petitioner's appeals for failing to preserve issues for appellate review and alleging a lack of standing. On July 28, 1989, Petitioner appealed the Board's denial of reconsideration and its findings order.

Petitioner alleges in all of her appeals that Board order A–860 contains the following errors:

1. Not including in its findings a discussion sufficient to permit meaningful review as to the unit costs of type of products, container size and type, delivery methods and different size outlets ("findings issue")? ...

---

1. Under the General rule of Pa. R.A.P. 1701, the Board would have lost authority to enter any order except to grant or deny the application. Instead the Board issued an order adopting findings of fact and conclusions of law after the appeal and application were filed. Pa. R.A.P. 1701 states in pertinent part as follows:

(a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed in the matter.

(b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other governmental unit may:

....

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other governmental unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration....

However, Pa. R.A.P. 1951(c) requires government units to comply with provisions of Pa. R.A.P. 1925 where the petition for review relates to a quasijudicial order. Pa. R.A.P. 1925 requires the filing of a statement of the reasons for an order. Under these circumstances, we will treat the findings of fact and conclusions of law filed on June 30, 1989 as the Board's compliance with Pa. R.A.P. 1951(c) and 1925.

2. Granting any minimum milk price increases when there was no showing of a threshold need for dealers and retailers for an increase based on aggregate milk sales ("aggregate sales issue")? ...

3. Establishing minimum milk prices based on unit delivery costs for small stop, full service wholesale deliveries ("small deliveries issue")? ...

4. Not passing on the benefit of lower unit costs, obtained by retailers in Area 6 with tolling contracts, to milk consumers purchasing milk from such retailers ("tolling issue")? ...

5. Not providing the undisputed price difference between product types, based upon butterfat unit cost differences for each product ("product unit cost issue")? ...

6. Adopting percentage discounts for retailers not based on unit costs ("discount/retail margin issue")? ...

7. Not establishing minimum retail out-of-store prices reflecting the different unit costs by outlet types ("outlet unit cost issue")? ...

8. Not having a uniform system of accounts for retailers ("retailer uniform system of accounts")? ...

9. Establishing a rate of return to dealers and retailers without any substantial evidence ("rate of return issue")? ....

Petitioner's Brief at 8, 9.

■■■■ Initially we note that, as Petitioner argued in her appeal of Board order A–860 and in her application for reconsideration, the Board did not file findings of fact with its order A–860. Section 801 of the Milk Marketing Law (Law)[2] states in pertinent part as follows:

The board shall file at its office, with each order issued, a general statement in writing of the findings of fact in support of, and the reasons for such order....

The Board did not file findings of fact and conclusions of law until sixteen days after it entered its order. This

2. Act of April 28, 1937, P.L. 417, *as amended,* 31 P.S. § 700j–801.

failure violated section 801 of the Law. We read the statute to require a simultaneous filing of findings of fact and conclusions of law with orders that fix milk prices. However, because the Board did file subsequent findings of fact and conclusions of law and Petitioner was not prejudiced by late findings, in the interest of judicial economy we will not remand for findings since they have already been provided.

## MOTION TO DISMISS

In response to Petitioner's appeal of Board order A–860, the Board filed a motion to dismiss alleging that Petitioner lacks standing and failed to preserve the questions below pursuant to Pa. R.A.P. 1972(5).

■ Section 901 of the Law grants the following standing to appeal Board price orders:

Any person aggrieved by an order of the board fixing, revising or amending the price at, or the terms upon, which milk may be bought or sold, or by any other general action, rule, regulation or order of the board, may file an appeal therefrom....

31 P.S. § 700j–901

The Board argues that Petitioner has failed to allege an aggrievement necessary to give her standing to appeal. Petitioner alleges that she is a milk consumer and that she and all other milk consumers will be forced to pay unnecessarily large sums of money because of Board order A–860. The Board argues that Petitioner cannot become an aggrieved party by asserting the common interest of all citizens in paying the increase.

In *City of Pittsburgh v. Milk Marketing Board*, 7 Pa. Commonwealth Ct. 180, 299 A.2d 197 (1973), we held that an organization representing four citizens had standing to appeal a Board price order. We stated "we are fully cognizant that the amount of increase involved may be in pennies per quart, but we must further take cognizance of the fact that the Milk Marketing Law was intended to protect just

such citizens, and therefore, they must be deemed to be aggrieved persons with standing to appeal." *Id.*, 7 Pa.Commonwealth Ct. at 191, 299 A.2d 197. Similarly, Petitioner's allegation that she is a milk consumer and will be forced to pay unlawful milk prices, in view of the purpose of the act to protect citizens, renders her an aggrieved person under the Law. Therefore, we hold that Petitioner has standing to appeal the Board's price order.

■ Additionally, the Board argues that none of the issues which the Petitioner raises in her appeal were ever presented to the Board in the course of the hearing, post-hearing briefing, or pre-order conference. Therefore, the Board argues that these issues cannot be reviewed and decided by this Court.

Section 703 of the Administrative Agency Law, 2 Pa.C.S. § 703, states in pertinent part as follows:

(a) General rule.—A party who preceded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency ... unless allowed by the court upon due cause shown.

Petitioner admits that she did not participate in any of the hearings. However, she argues that the issues were properly raised before the Board because they were argued in her application for reconsideration. Petitioner also argues that she need not present testimony in order to challenge Board findings that are unsupported by substantial evidence.

The issues that Petitioner raises in her application are the same as those raised before this court in her appeals. Although Petitioner phrases some of the issues as substantial evidence questions, Petitioner seeks alternative findings which would require reconvening the Board for additional testimony. Petitioner had her opportunity to present evidence before the Board. Petitioner did not take advantage of this opportunity. Our consideration of issues not

presented to the Board at the hearings would render the hearings meaningless and uncertain. Merely raising the issues before the Board *after* all hearings were held is insufficient to preserve them for this court. Accordingly, Petitioner's appeal of issues not presented to the Board at the hearings are dismissed.

## APPEAL FROM DENIAL OF APPLICATION FOR RECONSIDERATION

In her appeal of the Board's denial of Petitioner's application for reconsideration, she alleges that the Board abused its discretion. Petitioner alleges that the Board should have granted reconsideration to correct errors in order A–860. The errors alleged are the same as those alleged in Petitioner's initial petition for review.

■ The decision to grant or deny a request for reconsideration is a matter of administrative discretion and, therefore, will be reversed only for an abuse of that discretion. *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources*, 77 Pa.Commonwealth Ct. 114, 465 A.2d 108 (1983). An abuse of discretion is not merely an error of judgment. *Allegheny West Civic Council v. City Council of the City of Pittsburgh*, 86 Pa.Commonwealth Ct. 308, 484 A.2d 863 (1984). It is a judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or record. *Id.*

■ As noted above, the issues that Petitioner raises seek alternative findings of fact based upon evidence not in the record. Petitioner does not argue that the Board has made errors of law or has found facts not supported by substantial evidence. After a review of the record, we find no abuse of the Board's discretion in denying Petitioner's application.

Accordingly, we affirm.

COLINS, Judge, dissenting.

I respectfully dissent from the majority's grant of the Board's motion to dismiss Petitioner's appeal from Order A–860, which was based upon the premise that Petitioner did not preserve for our review the issues raised in her application for reconsideration filed with the Board after the Board had completed its hearings. The majority further characterizes the relief sought by Petitioner as "alternative findings which would require reconvening the Board for additional testimony." (Op. at 81.) For the following reasons, I believe that the issues before this Court were preserved for our review by virtue of Petitioner's motion for reconsideration and that the majority mischaracterizes the relief sought by Petitioner.

Section 703 of the Administrative Agency Law, 2 Pa.C.S. § 703, and Pa. R.A.P. 1551 both provide that issues not raised before an agency cannot be raised on appeal. Here, while it is true that the issues before us were not raised at the hearings before the Board, it would seem that they could not have been raised at that time because they involve the question of whether there was substantial evidence to support the Board's findings, and the Board's alleged failure to require certain evidence mandated by the Milk Marketing Law (Law), Act of April 28, 1937, P.L. 417, *as amended*, 31 P.S. §§ 700j–101 through 700j–1204, and by this Court in *Lily Penn Food Stores, Inc. v. Pennsylvania Milk Marketing Board*, 80 Pa.Commonwealth Ct. 266, 472 A.2d 715 (1984), and *Lily Penn Food Stores, Inc. v. Milk Marketing Board*, 62 Pa.Commonwealth Ct. 597, 437 A.2d 485 (1981). As the first opportunity in this case for Petitioner to raise these issues before the Board was in her timely filed application for reconsideration, I consider them properly preserved for our review.

With regard to the relief sought by Petitioner, Section 801 of the Law, 31 P.S. § 700j–801, provides in pertinent part that "[u]pon application ... from a person aggrieved by an order of the board ... the board may ... issue an order revising or amending such order without a further

hearing, if such revision or amendment is based on the record of the hearing held prior to the issuance of such order." Section 901 of the Law, 31 P.S. § 700j–901, further provides that "[r]efusal by the board of any application for revision or amendment, filed as provided in section [801], shall constitute an appealable action...."

In the instant case, the issues raised by Petitioner need not have required a further hearing and could have been addressed by the Board based on the hearing record, *i.e.*, the Board could have explained where in the record there was substantial evidence to support the findings disputed by Petitioner and why evidence required under the law apparently was not received or requested, especially in light of the Board's failure to provide *any* findings with its original order. The Board merely denied Petitioner's application without comment. As such, it was the Board which failed to provide this Court with guidance on these issues.

In light of the above, I believe that the majority improvidently granted the motion to dismiss, and I would deny the motion for those reasons.

## ORDER

AND NOW, February 13, 1990, the motion to dismiss Petitioner's appeal of the Pennsylvania Milk Marketing Board Order A–860 is granted. The Board's order denying Petitioner's application for reconsideration is affirmed.