Erie Indemnity Company, Appellant, *v.* Coal
Operators Casualty Company,
Appellant.

Argued October 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John F. Potter,* with him *John H. Cartwright, John R. Fernan,* and *MacDonald, Illig, Jones & Britton,* for plaintiff.

*Gary H. McQuone,* with him *Rose, Schmidt and Dixon,* for defendant.

OPINION BY MR. JUSTICE EAGEN, January 7, 1971:

An automobile, operated by Joseph Kreckle, was involved in a one-car accident. Thomas G. DeLullo, the owner of the vehicle, was a passenger in the automobile at the time and suffered injuries which caused his death. The Administrator of DeLullo's Estate sued Kreckle in trespass seeking damages, and at trial won a jury award totaling $18,650.[1]

Prior to the accident, Coal Operators Casualty Company (Coal) issued an automobile liability insurance policy which provided, inter alia, coverage for any person operating the DeLullo vehicle with the owner's consent. The policy contained a provision limiting liability for bodily injury to $10,000 for each person. Also, prior to the accident Erie Indemnity Company (Erie) issued an automobile liability insurance policy covering Kreckle while operating an automobile not owned by him. Both Coal and Erie entered an appearance on behalf of Kreckle in the suit instituted by DeLullo's representative, but prior to trial Coal withdrew its appearance when Kreckle refused to sign a nonwaiver agreement. At trial Kreckle was defended by Erie alone.

In a subsequent action instituted by the Administrator of DeLullo's Estate against Coal and Erie seeking payment of the verdict recovered against Kreckle, judgments were entered against Coal in the amount of $10,000 and against Erie in the sum of $8,650.[2] These judgments were unappealed and paid by the judgment debtors.

---

[1] The amount awarded in the wrongful death action was $1150, and in the survival action $17,500.

[2] The parties waived a jury trial and submitted the case to the court for decision on the facts established by the pleadings plus depositions. The court ruled that, under the terms of the contracts, Coal was the primary insurance carrier and Erie was an excess carrier only.

Erie then instituted the present action in assumpsit seeking to collect the monies it expended in the defense and payment of the DeLullo claim. In relevant part, the complaint alleged that Coal violated its obligation under its policy covering Kreckle, because it acted in bad faith (1) in not defending Kreckle in the DeLullo suit; and (2) in refusing to contribute the sum of $10,000 or the limit of its liability under the policy in a settlement of the DeLullo suit prior to trial.[3] Erie also asserted that in view of an express subrogation clause in its policy covering Kreckle, it was the real party in interest and vested with the right to assert any claim the insured could make against Coal for violation of its policy.

Coal filed an answer to Erie's complaint denying any breach of its policy with Kreckle and that it ever acted with bad faith. Several facts were asserted to support its actions in not defending Kreckle in the De-Lullo suit and in its refusal to pay the full amount of its policy limit in settlement of the action. Coal also asserted a counterclaim against Erie, alleging the latter's conduct precluded its participation in the defense of Kreckle.

Erie filed an answer to Coal's counterclaim and then filed a motion for summary judgment under Rule 1035 of the Pennsylvania Rules of Civil Procedure.[4]

No depositions were filed, and after the submission of briefs and oral argument, the court below entered

---

[3] In a pretrial conference with the court, DeLullo's representative offered to settle the action for $11,000. Erie agreed to contribute $1000 towards this sum to effectuate the settlement, but Coal would agree to pay only $7000.

[4] In part, Rule 1035 provides: "(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any." Pa. R. C. P. 1035.

the following order: "Now, January 15, 1970, plaintiff's motion for summary judgment is denied and defendant's counterclaim is dismissed with judgment to be entered on plaintiff's complaint in favor of defendant and on defendant's counterclaim in favor of plaintiff. Each party to pay its own costs."

Erie filed an appeal from the judgment entered on its claim against Coal and the latter appealed from the judgment entered on its counterclaim against Erie.

The court below entered judgment against Erie on its claim against Coal, because it concluded that Coal was not guilty of bad faith towards Kreckle. We indicate no view as to how this case should finally be decided, but it is clear that the present record does not support the lower court's conclusion of lack of bad faith on the part of Coal. While certain facts were established by the pleadings, in themselves these were not sufficient to resolve this issue. Apparently, the court took into consideration facts alleged in the briefs,[5] but briefs are not part of the record, and the court may not consider facts not established by the record.[6] See 2B Anderson Pa. Civ. Prac. §§1035.14 and 1035.17. See and compare also *Bremmer v. Protected Home M. L. Ins. Co.*, 436 Pa. 494, 260 A. 2d 785 (1970).

In view of the foregoing, only one *issue* presently needs to be discussed, i.e., Erie's standing to sue. The issue of incapacity to sue is waived unless it is specifically raised in the form of a preliminary objection or in the answer to the complaint. Cf. Goodrich-Amram, §1017(b)13; and *Maxson v. McElhinney*, 370 Pa. 622, 88 A. 2d 747 (1952). Coal having failed to raise

---

[5] In the opinion filed by the court, it said: "The facts are clearly and precisely set forth in the exhaustive briefs filed by each party which confirm that there are no factual issues raised."

[6] However, if in oral argument before this Court counsel concedes certain facts these concessions may be considered by this Court.

the issue in the required manner has waived its right to do so.

Judgments vacated and the record is remanded for further proceedings consonant with this opinion.

Mr. Justice COHEN took no part in the decision of this case.