J-S43001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HEIGHTS PLAZA PARTNERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILD BLUE MANAGEMENT, L.P. | : | |
| | : | |
| Appellant | : | No. 1626 WDA 2019 |

Appeal from the Order Entered October 1, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 18-010964

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 22, 2021**

Appellant, Wild Blue Management, L.P. ("Wild Blue"), appeals from the order granting summary judgment in favor of Appellee, Heights Plaza Partners, LLC ("Heights Plaza"), on October 1, 2019.  After review, we affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> This is a mortgage foreclosure action brought under Pennsylvania law by original Plaintiff and first assignee Valvest, Inc. ("Valvest"), and continued by current Plaintiff-Appellee and second assignee Heights Plaza Partners, LLC ("Heights Plaza"), against Appellant Wild Blue Management, L.P. ("Wild Blue").  The action arises out of a $16,250,000.00 loan from Sedona Capital Ltd. ("Sedona Capital") to Wild Blue.  The loan carried a ten percent yearly interest rate and was subject to escalation to a twenty four percent yearly rate in the event of a default.  The loan was secured by a recorded mortgage note on the property known as Lots 1519-G-180, 1519-L-10, 1519-K-190, 1519-G-195 on the Tax Map of Harrison Township, Allegheny County, Pennsylvania. Wild Blue also executed an assignment of leases and rents, which granted the holder of the mortgage note the "right, title, and

interest, as landlord, in and to any and all leases and subleases...."[]  The mortgage and related rights were twice transferred.  Initially, Sedona Capital assigned half its rights to Valvest effective May 8, 2017, before assigning Valvest the remaining half effective December 6, 2017.[1]  Subsequently, Valvest assigned its rights to Heights Plaza effective July 31, 2018.[2]

> [1] The assignment remained unsigned until May 30, 2018.

> [2] The assignment remained unsigned until August 28, 2018.

Under the mortgage, the loan principal and any unpaid accrued interest became immediately due upon its maturity date, April 30, 2018.  Wild Blue did not pay the loan principal and the accrued unpaid interest prior to April 30, 2018; nor has it made any such payment to date.  On May 18, 2018, Valvest provided Wild Blue a ten-day demand letter for payment in full and notice that unless payment in full occurred, Valvest would exercise all the rights and remedies available to it.  On May 29, 2018 Valvest provided Wild Blue further notice that it had not received payment in response to its May 18 demand.  Next, on June 18, 2018, Valvest filed a Complaint in Confession of Judgment against Wild Blue at GD 18-007355.[1]  Valvest then initiated this action by filing a Complaint in Mortgage Foreclosure on August 23, 2018. In response, Wild Blue filed an Answer and New Matter to the Complaint in Mortgage Foreclosure on October 15, 2018.  On November 6, 2018, Val[v]est filed a Reply to New Matter.  Additionally, on September 6, 2018, Valvest filed a Motion to Appoint Receiver.  On October 29, 2018, the [c]ourt entered a Consent Order stipulating that jurisdiction as well as venue were proper and appointing a receiver.  On January 15, 2019, the caption was amended to list Heights Plaza rather than Valvest as Plaintiff.  Heights Plaza proceeded to file a Motion for Summary Judgment on February 19, 2019.  With the issue fully briefed, this [c]ourt granted Heights Plaza's Motion for Summary Judgment on October 1, 2019.  On October 22, 2019, [Heights Plaza] filed a Motion for Entry of Judgment for Sum Certain.

_____

[1]  Wild Blue asserts that this confessed judgment was opened by order dated January 18, 2019.  Wild Blue's Objection to Subpoena, 1/29/19, at ¶3.

On [October 29], 2019 Wild Blue brought the present appeal, Docket Number 1626 WDA 2019, although the Motion for Entry of Judgment for Sum Certain had not been adjudicated. …

Trial Court Opinion, 2/11/20, at 1-2.

It is well settled that an appeal lies only from a final order, unless permitted by rule or statute. ***A.J.B. v. A.G.B.***, 180 A.3d 1263, 1270 (Pa. Super. 2018). The order filed by the trial court on October 1, 2019, provided as follows:

> AND NOW, on this 30th day of <u>September</u>, 2019, upon consideration of Plaintiff Heights Plaza LLC's Motion for Summary, and any response thereto, it is hereby ORDERED, ADJUDGED, and DECREED that said Motion is GRANTED. Judgment in Mortgage Foreclosure is hereby entered in favor of Plaintiff, Heights Plaza LLC, and against Defendant, Wild Blue Management, L.P., and the mortgaged property, foreclosing all right, title, lien, and equity of redemption which Defendant and all those claiming by, through, or under them have or had in the mortgaged property and ordering that the mortgaged property be sold at foreclosure sale in accordance with applicable law. ~~It is further ORDERED that the amount due under the Note and Mortgage as of August 20, 2018 is fixed at $17, 452, 499.73; together with continuing interest and all collection costs, property protection advances, real estate taxes paid, costs of insurance paid and attorneys' fees and costs recoverable under the Loan Documents.~~

Order, 10/1/19 (strikethrough in original). This order utilized the proposed order that was attached to Heights Plaza's motion for summary judgment; however, as illustrated in the material quoted above, the trial court struck out the portion of the proposed order relating to a monetary recovery.

On October 22, 2019, Heights Plaza filed a motion for the entry of a monetary judgment in a sum certain. Before the trial court could address Heights Plaza's motion regarding specific monetary aspects, Wild Blue filed an

appeal on October 29, 2019. On December 6, 2019, Heights Plaza filed a motion to quash the appeal as interlocutory and relied on *Landau v. Western Pennsylvania Nat. Bank*, 282 A.2d 335 (Pa. 1971) for the proposition that in a mortgage foreclosure action, the judgment must be entered for a sum certain. This Court denied Heights Plaza's motion without prejudice on January 27, 2020. Heights Plaza filed a motion for reconsideration on February 3, 2020, which this Court denied on February 26, 2020.

The interlocutory nature of an appeal affects jurisdiction and may be raised on appeal *sua sponte*. *A.J.B.*, 180 A.3d at 1270. Although *Landau* stated "Judgment in a mortgage foreclosure action must be entered for a sum certain or no execution could ever issue on it[,]" *Landau*, 282 A.2d at 340, we point out that the subsequent adoption of the Pennsylvania Rules of Appellate Procedure in 1976 and ensuing case law provide exceptions. *See* Pa.R.A.P. 311 (concerning interlocutory appeal as of right); *see also U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 n.11 (Pa. Super. 2015) (explaining the holding in *Landau* concerned an instance where the amount owed to the lender was unknown at the time of the foreclosure proceeding and an accounting was required prior to a sheriff's sale); *see also Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998) (holding that summary judgment was proper in a mortgage foreclosure action where the appellee's complaint alleged that appellants undertook a mortgage in a specific amount and at a specific rate of interest, the mortgage was

recorded, the appellants defaulted on the payments due under the mortgage, and the appellants admitted these allegations).

Herein, the record reveals that the mortgage at issue was given as a security for a note in the amount of $16,250,000.00, with an interest rate of ten percent per annum and a default rate of twenty-four percent. The mortgage was recorded in the Allegheny County Court of Common Pleas on May 12, 2016, in Mortgage Book Volume 46433, at page 257. Complaint in Foreclosure, 8/23/18, at ¶¶1-36; Mortgage Note, 4/29/16, at 1-16; Mortgage (incorporating by reference the Mortgage Note), 4/29/16, at 7.

In its complaint, Heights Plaza asserted Wild Blue was in default. Complaint, 8/23/18, at ¶20. In its Answer and New Matter, Wild Blue did not dispute the terms of the mortgage or deny that it had defaulted in making its required payments.[2] Answer and New Matter, 10/15/18, at ¶20. Wild Blue's failure to specifically deny that it defaulted in its payments to Heights Plaza resulted in an admission. *See* Pa.R.C.P. 1029(b) (failing to specifically deny an allegation in the complaint results in an admission). Accordingly, the instant case is analogous to **Cunningham**: Heights Plaza alleged Wild Blue

---

[2] In its Answer, Wild Blue did not deny that it was in default because it had failed to make the required payment of all accrued and unpaid interest and the unpaid principal balance and all other amounts due. Rather, Wild Blue asserted that Heights Plaza collected rent payments from Wild Blue's tenants at the property. Answer and New Matter, 10/15/18, at ¶20. Insofar as Wild Blue contends it was not in default due to Heights Plaza collecting rents from third-party tenants, we address this assertion in our disposition of Wild Blue's fourth issue.

undertook a mortgage in a specific amount and at a specific rate of interest, the mortgage was recorded, Wild Blue defaulted on the payments due under the mortgage, and Wild Blue admitted Heights Plaza's allegations. *Cunningham*, 714 A.2d at 1057.

Moreover, Pa.R.A.P. 311 provides as follows:

> **(a) General rule.--**An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> * * *
>
> (2) *Attachments, etc.*--An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property ….

Pa.R.A.P. 311(a)(2). Herein, the October 1, 2019 order affected the possession and control of the property and specifically directed that the property was to be sold at a foreclosure sale. Order, 10/1/19. After review, we are satisfied that the instant appeal is an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(a)(2), and this appeal is properly before our Court.

On appeal, Wild Blue raises the following issues for this Court's consideration:

> 1. Whether the original Plaintiff, Valvest, Inc., had standing to bring this mortgage foreclosure action in the first instance?
>
> 2. Whether … Heights Plaza … has standing to maintain this action?
>
> 3. Whether Valvest, Inc. had assigned its interest in the Mortgage and underlying Loan Obligations to Heights Plaza … prior to the time Valvest brought this action?

- 6 -

4. Whether [Heights Plaza] waived its claim of default through its acceptance of payment after its declaration of default?

Wild Blue's Brief at 4.[3]

We review an order disposing of a motion for summary judgment under the following standards:

> [O]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Village of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc.*, 103 A.3d 814, 819 (Pa. Super. 2014) (internal brackets and citations omitted).

Wild Blue's first three issues challenge Heights Plaza's and its predecessor's standing to initiate the underlying mortgage foreclosure action. Accordingly, we address them concurrently.

"[W]hether a party has standing to maintain an action is not a jurisdictional question." *Grimm v. Grimm*, 149 A.3d 77, 83 (Pa. Super. 2016) (citation omitted). Therefore, a challenge to a party's standing can be waived. *Id.* (citation omitted). "The issue of incapacity to sue is waived

---

[3] Both the trial court and Wild Blue complied with Pa.R.A.P. 1925.

unless it is specifically raised in the form of a preliminary objection or in the answer to the complaint." *Erie Indemnity Co. v. Coal Operators Casualty. Co.*, 272 A.2d 465, 467 (Pa. 1971); *see also Hall v. Episcopal Long Term Care*, 54 A.3d 381, 399 (Pa. Super. 2012) (standing and lack of capacity to sue are related concepts and they must be raised at the earliest possible opportunity); *see also Kuwait & Gulf Link Transport Co. v. Doe*, 92 A.3d 41, 45 (Pa. Super. 2014) (an issue of standing is waived if not raised at first opportunity).

Initially, the trial court found that Wild Blue's Pa.R.A.P. 1925(b) statement "lack[ed] sufficient detail for a responsive opinion …." Trial Court Opinion, 2/11/20, at 4. Although a vague Pa.R.A.P. 1925(b) statement may result in waiver of the issues on appeal, *Pasquini v. Fairmount Behavioral Health System*, 230 A.3d 1190, 1193 n.2 (Pa. Super. 2020), the trial court proceeded to address the issues. We conclude that Wild Blue's Pa.R.A.P. 1925(b) statement, although general, is sufficiently specific, and we decline to find the issue waived on appeal due to a deficient Pa.R.A.P. 1925(b) statement.

Nevertheless, the trial court also concluded that Wild Blue waived its challenge to standing because it failed to present it in a timely manner. Trial Court Opinion, 2/11/20, at 4. The trial court stated as follows:

> [U]nder the Pennsylvania Rules of Civil Procedure, Appellant Wild Blue waived its right to challenge the standing of original Plaintiff Valvest or Appellee Heights Plaza. A party must raise the failure of a pleading to conform to law or rule of court by preliminary

objection. Pa. R. Civ. P. 1028(a)(2). Further, a party waives all defenses and objections which are not presented by preliminary objection, answer or reply Pa. R. Civ. P. 1032(a).

Thus, Wild Blue's failure to raise any argument relating to standing via preliminary objections in response to the complaint, or, for that matter, at any point prior to its … Brief in Opposition to Plaintiffs Motion for Summary Judgment (and therefore not in any pleading of record) constitutes a waiver. *See Roberts v. Estate of Pursely*, 700 A.2d 475, 479 (Pa. Super. 1997) …. That Wild Blue stipulated without objection, in the October 29, 2018 Consent Order Appointing Receiver, to the assignments from Sedona Capital to Valvest further underscores this point.

Appellant Wild Blue cites no cases supporting its position that it had not waived objections to standing. Because the Wild Blue failed to raise objections to standing in its Answer and New Matter—no Preliminary Objections were ever filed—it waived its right to challenge the standing of Valvest and Heights Plaza. Summary judgment was properly granted.

Trial Court Opinion, 2/11/20, at 4-5.

After review, we agree with the trial court. Wild Blue failed to properly and timely present a challenge to Heights Plaza or its predecessor's standing, and this failure resulted in waiver. **Erie Indemnity Co.**, 272 A.2d at 467.

In its fourth issue, Wild Blue asserts that Heights Plaza waived Wild Blue's default by accepting rent payments directly from Wild Blue's tenants. Wild Blue's Brief at 23. Wild Blue contends that a mortgagee's acceptance of partial payments after declaring a mortgagor in default and accelerating the loan obligation constitutes waiver of the default. **Id.**

Wild Blue is correct in that in some instances, when a mortgagee declares the mortgagor in default and accelerates the loan obligation, **the mortgagee may waive the default if it accepts partial payments from**

the mortgagor. *See Bell Federal Sav. and Loan Ass'n of Bellevue v.
Laura Lanes, Inc.*, 435 A.2d 1285, 1287 (Pa. Super. 1981) (providing that
in a commercial mortgage, once there is a default and an acceleration, the
mortgagee need not accept less than the full accelerated amount from the
mortgagor, and a mortgagee who accepts lesser amounts risks having its right
to insist on the accelerated amount deemed waived) (emphasis added).
However, the instant case is readily distinguishable because the mortgagor,
Wild Blue, failed to make any payments after default, partial or otherwise.
Thus, Wild Blue's argument is meritless.

It is undisputed that Heights Plaza declared that Wild Blue was in default
and accelerated the loan obligation. After Heights Plaza asserted that Wild
Blue was in default, Heights Plaza procured rent payments from Wild Blue's
tenants. These rent payments were obligations that the third-party tenants
owed Wild Blue. Due to Wild Blue's default, and pursuant to the terms of
Heights Plaza's loan to Wild Blue, Heights Plaza was permitted to receive
these rent payments directly. Assignments of Leases and Rents, 4/29/16, at
unnumbered 1. Thus, there was no waiver of default pursuant to **Bell Federal
Sav. and Loan Ass'n of Bellevue**, because the mortgagor, Wild Blue, made
no payments. In other words, not one of these rent payments was tendered
by Wild Blue; the rent payments at issue were made by third parties.

Wild Blue provides no authority for the proposition that when a
mortgagor is in default, and a mortgagee accepts rent payments from its

mortgagor's third-party tenants, there is waiver of the default. We agree with the trial court that Wild Blue was in default, and Heights Plaza did not waive Wild Blue's default by accepting rent payments from third parties.

After review, we conclude that Wild Blue undertook a mortgage in a specific amount and at a specific rate of interest, that mortgage was recorded, Wild Blue defaulted on its obligation, and Wild Blue admitted these allegations. Thus, summary judgment was proper pursuant to the criteria in **_Cunningham_**. Moreover, Wild Blue waived its challenge to standing, and we agree with the trial court that Heights Plaza did not waive Wild Blue's default. Accordingly, there was no error of law or abuse of discretion in the trial court's conclusion that Heights Plaza was entitled to judgment as a matter of law. **_Village of Four Seasons Ass'n, Inc._**, 103 A.3d at 819. Therefore, we affirm the trial court's order granting Heights Plaza's motion for summary judgment.

Order affirmed.

Judge King joins the Memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2021

- 11 -